Yao v. Garland

BIA
Navarro, IJ
A202 049 951

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of October, two thousand twenty-four.

PRESENT:
      WILLIAM J. NARDINI,
      EUNICE C. LEE,
      SARAH A. L. MERRIAM,
         *Circuit Judges.*

_____

MEIYING YAO,
      *Petitioner,*

      v.                  **22-6339**

                                    **NAC**

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
      *Respondent.*

_____

**FOR PETITIONER:**        Gary J. Yerman, New York, NY.

**FOR RESPONDENT:** Brian Boynton, Principal Deputy Assistant Attorney General; Jessica E. Burns, Senior Litigation Counsel; Rosanne M. Perry, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Meiying Yao, a native and citizen of the People's Republic of China, seeks review of a June 30, 2022 decision of the BIA affirming a June 3, 2019 decision of an Immigration Judge ("IJ") denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Meiying Yao*, No. A202 049 951 (B.I.A. June 30, 2002), *aff'g* No. A202 049 951 (Immigr. Ct. N.Y.C. June 3, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

Under the circumstances, we have reviewed both the IJ's and the BIA's opinions. *See Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008). We review factual findings for substantial evidence and questions of law de novo. *See Wei Sun v. Sessions*, 883 F.3d 23, 27 (2d Cir. 2018). An initial determination that corroborating evidence is needed is not a factual finding and thus is subject to de

2

novo review, while a determination that such evidence is reasonably available is a factual finding. *See Pinel-Gomez v. Garland*, 52 F.4th 523, 526, 530 (2d Cir. 2022). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

The agency did not err in finding that Yao failed to adequately corroborate her claim that she was forced to terminate two pregnancies in China. "The testimony of the applicant may be sufficient to sustain the applicant's burden without corroboration, but only if the applicant satisfies the trier of fact that the applicant's testimony is credible, is persuasive, and refers to specific facts sufficient to demonstrate that the applicant is a refugee." 8 U.S.C. § 1158(b)(1)(B)(ii); *see also id.* § 1231(b)(3)(C); *Wei Sun*, 883 F.3d at 28. "In determining whether the applicant has met the applicant's burden, the trier of fact may weigh the credible testimony along with other evidence of record. Where the trier of fact determines that the applicant should provide evidence that corroborates otherwise credible testimony, such evidence must be provided unless the applicant does not have the evidence and cannot reasonably obtain the evidence." 8 U.S.C. § 1158(b)(1)(B)(ii); *see also id.* § 1231(b)(3)(C). "No court shall

reverse a determination made by a trier of fact with respect to the availability of corroborating evidence . . . unless . . . a reasonable trier of fact is compelled to conclude that such corroborating evidence is unavailable." *Id.* § 1252(b)(4).

As an initial matter, there is no merit to Yao's argument that the BIA's citation to *Matter of Burbano*, 20 I. & N. Dec. 872 (B.I.A. 1994), in affirming the IJ's decision indicates that it failed to conduct de novo review of the IJ's initial determination that she should have provided corroboration. The agency made clear that it would "review findings of fact . . . including credibility findings under a 'clearly erroneous' standard" and would "review questions of law, discretion, and judgment, and all other issues . . . de novo." CAR at 4 (quoting 8 C.F.R. § 1003.1(d)(3)(i)-(ii)). It ultimately concluded that Yao's testimony conflicted with the documentary evidence and that both were insufficient to meet her burden of proof. Thus, the agency's affirmance of the IJ's decision under *Burbano* does not indicate that it failed to conduct de novo review, but rather that it properly relied on the IJ's decision. *See Matter of Burbano*, 20 I. & N. Dec. at 874 (noting that the agency's "independent review authority does not preclude [it] from adopting or affirming a decision of the [IJ] . . . when [it is] in agreement with the reasoning and result of that decision," and that "such summary treatment of a case . . . is simply

a statement that [its] conclusions upon review of the record coincide with those which the [IJ] articulated in his decision").

Further, the agency did not err in finding that Yao should have provided evidence corroborating her testimony because her testimony was inconsistent with her medical records in several material respects, such as her marital status at the time of her alleged 1992 abortion, whether that pregnancy and abortion were her first, and whether she voluntarily sought birth control during a 1995 hospital visit. *See* 8 U.S.C. § 1158(b)(1)(B)(ii); *see also Wei Sun*, 883 F.3d at 28. Yao did not compellingly explain these inconsistencies. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks omitted)).

The agency also reasonably found that the corroborating evidence Yao did submit was insufficient to satisfy her burden. *See* 8 U.S.C. § 1158(b)(1)(B)(ii); *see also Wei Sun*, 883 F.3d at 28. As noted above, both of Yao's medical documents were inconsistent with her testimony. The April 23, 1992 record that was presented as relating to her first abortion indicates that she was married at the

5

time, and had already had two pregnancies and one abortion; but she testified that she did not marry until 1995, and did not report any pregnancy or abortion prior to 1992. The October 28, 1995 medical report could not serve as reliable evidence of a second abortion, given that Yao testified that she did not have her second abortion until 1998. And Yao did not submit a corroborating statement from her friend with whom she remains in contact and who referred her to a clinic when she became pregnant in 1998. Yao does not argue that such a statement was unavailable but rather asserts that it would have been of limited corroborative value given that her friend referred her to the clinic only to confirm her pregnancy and did not have first-hand knowledge of her forced abortion. However, Yao did not submit any evidence that she was pregnant in 1998 or that she had an abortion then; and thus, her friend's statement could have at least corroborated her pregnancy.

Therefore, given the lack of medical evidence consistent with her testimony or other corroborating statements, the agency did not err in concluding that Yao failed to satisfy her burden of proving that she had forced abortions in 1992 and 1998. *See* 8 U.S.C. § 1158(b)(1)(B)(ii); *Wei Sun*, 883 F.3d at 28. This lack of corroboration was dispositive of asylum, withholding of removal, and CAT relief

because all three claims were based on the same factual predicate. *See* 8 C.F.R. §§ 1208.13(b), 1208.16(b), (c); *Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court